

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

**FILED**

SEP - 5 2018 KB

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Alisa Levin,<br><br>        Plaintiff<br><br>vs<br><br>Paul Abramson,<br><br>        Defendant | Case. No. 1:18 -cv-01723<br><br>Hon. Matthew Kennelly |

## MOTION TO DISMISS

Pursuant to rules 12(b)(1), 12(b)(2) and 12(b)(6), Defendant brings the following motion to dismiss for lack of personal, lack of subject matter jurisdiction and because Plaintiff's complaint fails to state a claim upon which relief can be granted.

## SUMMARY OF THE COMPLAINT AND RELATED JURISDICTIONAL FACTS

Plaintiff has filed a baseless complaint for defamation and invasion of privacy. As will be shown below, the defamation cause of action is (1) barred by the statute of limitations, (2) is improperly based upon privileged statements, (3) is based upon statements which were not defamatory, (4) does not plead facts which support an amount in controversy in excess of the jurisdictional limit of this court. Furthermore, defendant does not have sufficient contacts within this forum to confer personal jurisdiction.

On October 30, 2015, defendant hired plaintiff from her advertisement on Craig's List where she represented herself as an experienced attorney. Defendant needed an experienced

attorney to help his attorney of record write a summary judgment and reply brief. Plaintiff agreed to do the work for a fee of $4000 which defendant paid.

Plaintiff's work was below par and much of her work was stricken by the court. In addition, plaintiff improperly charged defendant's credit card $9167. Defendant disputed the charge and defendant's credit card company found in his favor. In December 2015, Defendant filed a complaint with the bar association.

Paragraph 95 of plaintiff's complaint lists statements which are clearly barred by the one-year statute of limitations, privileged statements, and statements of opinion in support of plaintiff's defamation count:

> 95. Paul published these statements to third parties through the following affirmative acts:
>
> a.      Letter to the Chicago Bar Association – December 2015
> b.      1st Complaint to the ARDC – Spring 2016
> c.      Complaint to the credit card company – Spring 2016
> d.      Statements made to ARDC Investigator Chi "Michael" Zhang about Levin which were relayed to Levin by Zhang
> e.      Online posting to Yelp.com and Avvo.com and Google.com of reviews about Levin
> f.      2nd ARDC Complaint – Spring 2017
> g.      Complaint to Collection agency about Levin owing Paul money – Spring 2017
> h.      Update of Yelp Review – July 2017 – changing the language
> i.      Better Business Bureau Complaint – November 2017

## I.     PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT FAILS TO STATE ANY CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiff's complaint against defendant must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The essence of plaintiff's case is that a Yelp review, complaint to the Attorney Registration and Disciplinary commission, request for voluntary fee dispute mediation with the Chicago Bar Association and fee recovery attempts through a third-party collection agency which allegedly caused the Plaintiff defamation damages. As defendant will show in the following sections of this memorandum, none of plaintiff's legal theories can succeed.

None of these allegations are sufficient to state a cause of action.

A.    **Plaintiff Has Failed to Allege A Claim For defamation within the one-year Illinois statute of limitations.**

Plaintiffs have one-year to file a defamation lawsuit in Illinois (see, 735 ILCS 5/13-201 -- sets the deadline for the filing of any civil action seeking a remedy "for slander, libel or for publication of matter violating the right of privacy.")

Plaintiff alleges she was initially damaged in December 2015 when defendant filed a complaint against her with the ARDC. However, defendant failed to timely file a lawsuit within the one-year statute of limitations and instead waited almost two and a half years to file a complaint on March 8, 2018. Clearly, plaintiff has not complied with the statute of limitations and her case must be dismissed in its entirety. Plaintiff's alleged damages from defendant's conduct occurred well before March 8, 2017.

B.    **Plaintiff's Defamation Allegation of Defendant's 2015 Complaint to The Attorney Registration and Disciplinary Commission Is Barred.**

Illinois Supreme Court rule 775 states in pertinent part "Any person who submits a claim to the Client Protection Program or who communicates a complaint concerning an attorney or allegations regarding the unauthorized practice of law to the Attorney Registration and Disciplinary Commission, or its administrators, staff, investigators or any member of its boards, shall be immune from all civil liability."

This rule is very clear and immunity based on this rule is mandated under the law and therefore this claim fails.

/ / /

/ / /

**C.     Defendant's Request for Voluntary Fee Dispute with Plaintiff Through the Chicago Bar Association Mediation Program is Not Remotely an Act of Defamation.**

Furthermore, the CBA is an interested party and therefor plaintiff's claim for defamation based on statements to the CBA are not defamatory. The same third-party interest can be said of defendant's attempts to recover money paid to plaintiff via a third-party collection agency. Therefore, all this conduct is privileged and cannot state a cause of action for defamation or invasion of privacy.

**D.     The Yelp Review by the Defendant is Not Defamation as it is a Statement of Opinion.**

The online review of plaintiff by defendant is a personal opinion and is not defamatory. The Illinois Doctrine of Innocent Construction, 1st Amendment of the US Constitution. Section 230 of the *Communications Decency Act* 47 U.S. Code § 230 and the case of *Quinn v Jewel Food Stores* 276 Ill. App. 3d 861 (1995).

In *Quinn*, a claim was made for defamation. One of the key statements was the use of the word "con artist." These are the same words defendant used in the Yelp review which forms the basis of plaintiff's complaint. The *Quinn* court went through the issues pertaining to defamation. It held statements of opinion are not defamatory. The court went over the factors that constitute defamation *per se*. The court held that even if a statement arguably falls into one of the categories of defamation *per se*, which are words that impute the commission of a criminal offense, words that impute infection with loathsome disease, words that impute an inability to perform or want of integrity in the discharge of duties of office or employment or words that prejudice a party, or impute a lack of ability in one's business or trade, that they will not be found to be defamation *per se* if reasonable capable of innocent construction.

*Quinn* held it is up to the court to determine if the statement falls into the innocent construction definition. The court confirmed that defamation is not actionable if it is constitutionally protected expressions of opinion. The court held extrinsic evidence could be considered in the analysis.

*Quinn* held the terms cocky, con artist, and bullshit did not express statements of fact. Instead, they are characterizations and opinions based on the persons impressions who made the statement. The "con artist" term is the only possible term in the Yelp review that Plaintiff could possibly allege caused her damage. Based on *Quinn*, this is not enough and plaintiff's claim for defamation must fail. Likewise, plaintiff's claim for invasion of privacy must fail as it is based on the alleged defamation.

## II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER THE DEFENDANT

### A. There Are No Sufficient Minimum Contacts

In every case, the plaintiff has the burden of establishing that there is personal jurisdiction over the defendant. See *Alexander v. Circus Circus Enterprises, Inc.* 939 F.2d 847, 849 (9th Cir. 1991). Here, plaintiff must show that Paul's contacts with Illinois satisfy the requirements of due process such that maintenance of the suit "does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Plaintiff must also demonstrate that Illinois jurisdictional statute permits the exercise of personal jurisdiction over the Defendant.

Personal jurisdiction over a non-resident, must be either "general" or "specific." "There is general jurisdiction when a nonresident defendant has 'substantial' or 'continuous and systematic' contacts with the forum state." See *Fields v. Sedgwick Associated Risks, Ltd.* 796 F.2d 299, 301

(9th Cir. 1986) quoting *Haisten v. Grass Valley Medical Reimbursement Fund*, 784 F.2d 1392, 1396 (9th Cir. 1986). Specific jurisdiction exists when the cause of action arises out of the defendant's Illinois-related activities. See *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991).

In this case there are no allegations that Paul has "'substantial" or "continuous and systematic" contacts with Illinois and, indeed, he does not. Paul clearly has no such contacts. Thus, jurisdiction, if it exists at all in this case, will be specific rather than general.

A three-part test determines whether the exercise of specific jurisdiction is proper: (1) defendant must have purposefully availed himself of the privilege of conducting activities in Illinois by some affirmative act or conduct; (2) plaintiff's claim must arise out of, or result from, defendant's Illinois-related activities; and (3) the exercise of jurisdiction in Illinois must be reasonable. *Id.* at 620-21.

The law is clear that all three elements must be satisfied in order for jurisdiction to be proper and that the failure to satisfy any of the elements must result in dismissal for lack of jurisdiction. See, *e.g. Haisten, supra*, 784 F.2d at 1397, F.2d at 853. Under this analysis, the court must determine whether the controversy would have arisen "but for" the Plaintiff's forum. In this case, it is clear that the Plaintiff cannot satisfy either the "purposeful availment" or the "reasonableness" elements of the personal jurisdiction test. Because two of the three required elements are unsatisfied, the Plaintiff's complaint must be dismissed for lack of personal jurisdiction.

Defendant has not "purposefully availed" himself of the benefits of conducting business in Illinois. "Purposeful availment" requires that a defendant engage in some form of affirmative conduct that allows or promotes the transaction of business within the forum state. See *Alexander,*

*supra*, 939 F.2d at 851. This requirement ensures that the defendant is not hauled into a jurisdiction solely as a result of random, fortuitous, or attenuated contacts, or the unilateral activity of another party or third person. See *Burger King v. Rudzewicz,* 471 U.S. 462, 475 (1985). Here, defendant did nothing other than respond to a solicited Craig's list posting, fortuitously from plaintiff who happens to be an Illinois resident. This is precisely the sort of attenuated and random contact that in no way promotes the transaction of business within Illinois and which, therefore, cannot form the basis for exercising personal jurisdiction. Further defendant did not avail himself to do business in Illinois either as he was a named defendant in a lawsuit and forced to defend himself there. Judicial Notice 13 CH 17457

The Supreme Court has explained that a defendant "purposely avails" himself of the benefits of a forum if he "deliberately has engaged in significant activities within a state" or has created "continuing obligations" between himself and the residents of the forum. See *Burger King, supra,* 471 U.S. at 475-75. It is apparent from the complaint that the plaintiff was compensated in full therefore creating no continuing obligation whatsoever in Illinois. Thus, the plaintiff's complaint fails to show the existence of any continuing obligation within Illinois upon which to base the exercise of personal jurisdiction. Moreover, even if there were a valid contract between the parties (which there is not), the defendant still did not "purposely avail" himself of conducting activities in Illinois. It is settled that the mere existence of a contract alone does not establish the requisite minimum contacts necessary for the exercise of personal jurisdiction. See *Burger King, supra,* 471 U.S. at 478. Rather, the factors to be considered are the prior negotiations and contemplated future consequences of the contract, along with its terms and the parties' actual course of dealing. See *id.* at 479.

The payment contemplated no future conduct in Illinois or activity of any kind which could constitute availment of the benefits or protections of this State. For all of these reasons, Paul cannot be said to have "personally availed" himself of the privilege of conducting activities in Illinois. Having failed to meet this element of the personal jurisdiction test, plaintiff's complaint must be dismissed.

It is important for the court to understand the history in ruling on the motion as nothing that occurred between the parties in person in the state of Illinois. Defendant Paul Abramson is a resident of California. Plaintiff Alisa Levin is a resident of Illinois. Since 1979 and without interruption, Paul has been a resident of the State of California. See Declaration attached herein. Paul has never owned any real property in Illinois, nor any bank accounts or any other assets in Illinois.

In 2013, Paul had been sued by his father over a dispute regarding a family issue, Case 13 CH 17457. On October 30, 2015, defendant hired off Craig's list plaintiff who advertised herself as an expert legal ghost writer as his attorney of record needed assistance with a motion for summary judgment. Plaintiff advertised her services as an experienced and successful expert in legal ghost writing. It should be noted that plaintiff advertised her services on Craig's list which is available worldwide. (Craig's List is an American classified advertisements national website with sections devoted to jobs, housing, for sale, items wanted, services, community, gigs, résumés, and discussion forums.)

Defendant contacted Plaintiff from California to inquire about redrafting a summary judgment motion as well as drafting a final reply brief. A draft agreement for services was sent by email from plaintiff to defendant. Plaintiff also asked for credit card information. Defendant sent back the draft with proposed changes and his credit card billing information, but no formal written

agreement was ever executed between the parties. On October 30, 2015, defendant sent plaintiff by US mail a check in the amount of $4000 (redacted and attached herein as exhibit A) which stated in the memo line "please stay within retainer" (Abramson retainer) and which plaintiff endorsed.

Although plaintiff sold defendant on her expertise and her alleged ability to get the job done, her work proved otherwise. Plaintiff apparently worked on the initial redrafting during the month of November 2015. Her brief included information from a prior pretrial settlement conference (barred under the Illinois Mediation Act and later stricken by the court). She also prepared an affidavit for Defendant to have notarized in California. Plaintiff was apparently unaware that it was not necessary if she had included the correct legal language for affidavit by certification. That document also contained material that was later stricken by the court for the same reason mentioned above (barred pursuant to the Illinois Uniform Mediation Act).

All communication with plaintiff took place when defendant was in California. At no time did defendant travel to Illinois or even meet plaintiff in person to date. Beside the work product, defendant's additional dispute with plaintiff occurred due to her improper and unauthorized billing practices. On December 1, 2015, plaintiff simultaneously sent defendant an invoice for $9,167 as well as immediately charging his credit card the same amount. This was before ever giving defendant an opportunity to even review the bill. The charges were not approved or authorized. plaintiff was not to charge anything without prior approval from defendant.

Defendant immediately disputed the invoice and thereafter plaintiff terminated her services. After a fraud investigation by Paul's credit card company, he was able to recover the $9,167 charged on his credit card.

Plaintiff's lawsuit alleges she kept the money but according to defendant's credit card company, the dispute was found in his favor since there was no agreement on any additional fees. See redacted letter, Exhibit B. Plaintiff's claim is simply not truthful. Defendant made a decision that he could only spend a certain amount of funds in defending the lawsuit he was dragged into in Illinois. He would never have agreed to pay what plaintiff charged to redraft a motion.

Defendant was shocked and dismayed about plaintiff trying to charge his credit card almost $10,000 without any authority or justification. He did file a complaint with the Attorney Registration and Disciplinary Commission and write a factually accurate review on Yelp. All this was done from California. Besides that, defendant is protected by immunity under Illinois Supreme Court rule 775 for filing a complaint against plaintiff as well as seeking voluntary mediation for the fee dispute with plaintiff with the Chicago Bar Association (plaintiff refused to participate). Further defendant's attempts to recover the $4000 he paid with the help of a collection agency is protected as this is an interested third party.

Defendant did share his opinion regarding his experience with plaintiff anonymously on a public forum (Yelp) which is a protected right under the 1st Amendment of the Constitution as well as The Illinois Doctrine of Innocent Construction and supporting case law. Once again, this was all done from California.

Plaintiff in retaliation posted a rebuttal on Yelp about defendant which contained false, prejudicial and defamatory statements as well as wrongfully waiving attorney-client privilege. The attorney-client privilege protects confidential communications between the attorney and his or her client in the course of their professional relationship. (Evid. Code, § 954; *Roberts v. City of Palmdale* (1993) 5 Cal. 4th 363, 371.)

Information that is not protected by statutory privilege may nonetheless be shielded from discovery, despite its relevance, where its disclosure would invade an individual's right of privacy. (*Valley Bank of Nevada v. Superior Court* (1975) 15 Cal.3d 652, 656.)    The right of privacy is an "inalienable right" secured by article I, section 1 of the California Constitution.   (*Valley Bank of Nevada v. Superior Court, supra*, 15 Cal.3d at p. 656.)    It protects against the unwarranted, compelled disclosure of various private or sensitive information regarding one's personal life.

Plaintiff stated defendant was a former ghost writer client in litigation with his family, and further falsely stated (1) defendant sued every attorney who ever represented him, (2) the credit card fraud investigation was ruled in her favor, and (3) she was exonerated of all wrong doing by the regulators. Exhibit C attached herein.

Plaintiff breached her fiduciary duty and breached the attorney-client privilege by identifying a client and stating information about his case. In addition, her comment defendant has sued every lawyer he hired was a lie (See Exhibit D attached herein) and has seemingly made it difficult for him to find an attorney in this action.

The allegations are not enough to state a claim on one if not all of the grounds brought in this motion. All of defendant's conduct was from his home in California. Plaintiff advertised her services on Craig's list worldwide. She subjected herself to jurisdiction nationwide including in California, but defendant did not subject himself to jurisdiction in Illinois.

Plaintiff cannot prove her claim meets the $75,000 threshold necessary for subject matter jurisdiction. In addition, the claim fails as Defendant's conduct was privileged, he has immunity and his opinion conduct is not actionable.

Finally, Levin was keenly aware Paul was and still is the defendant in a highly contentious lawsuit – Judicial Notice 13 CH 17457 (Defendant is being sued by his sociopath father who used

to sexually molest him starting at age nine and is out to destroy him). Levin knowingly and vindictively tried to cause Paul even more harm by her nefarious conduct, disclosures and negative statements in a public form. Knowing what Levin knew about Paul's history of being horrifically and serially abused by his father and others going back to age five. Judicial Notice Case 13 CH 17457 (multiple affidavits by Dr. Helen Ross and Dr. David Klimek) makes Levin's lawsuit against Paul even more despicable.

Plaintiff never asked defendant to remove the Yelp review in question to date as well as waited almost two and a half years after she claimed to discover she was allegedly damaged to sue the defendant (barred by laches and the statute of limitations.)

**B.    The Exercise of Personal Jurisdiction over Defendant Would Be Unreasonable.**

Plaintiff's complaint must also be dismissed because the exercise of personal jurisdiction over the defendant in this matter would be unreasonable. There are seven factors that must, on balance, support jurisdiction in order for the exercise of jurisdiction to satisfy the "reasonableness" element. They are: (1) the extent of the defendant's purposeful interjection into the forum state's affairs: (2) the burden on the defendant; (3) conflicts of law between the forum and defendant's home jurisdiction; (4) the forum's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Roth v. Garcia Marquez*, 942 F.2d 617 (9th Circuit 1991).

The first of the seven factors, the defendant's "purposeful interjection" into the forum state's affairs, is similar to the "purposeful availment" element discussed in the preceding section of this memorandum. See *Roth, supra*. 942 F.2d at 623. Thus, for the reasons set forth above, this

factor does not support the exercise of personal jurisdiction. The remaining six "reasonableness" factors also favor dismissal of this action.

The second factor is the burden on the Defendant of defending this lawsuit in Illinois. That burden is substantial. Defendant is an individual, not a corporation, and has limited resources. Defendant would have to travel across more than half of the country. In contrast, the inconvenience that plaintiff would face in litigating this matter outside of Illinois (the sixth of the seven factors) is less substantial. Plaintiff is an attorney, not *pro se* like defendant. Plaintiff exposed herself to jurisdiction nationwide. Defendant did not. Plaintiff's interest in convenient and effective relief is therefore strongly outweighed by the defendant's burden of having to proceed in Illinois.

The seventh factor also supports dismissal of the complaint, since there are alternative forums for this and plaintiff bears the responsibility of proving the unavailability of an alternative forum. California would be an appropriate forum for this case. See *Roth, supra,* 942 F.2d at 624. Likewise, the third factor weighs in favor of dismissal. Because this case involves standard principles of law, there is little likelihood of a conflict of laws problem between the potential jurisdictions. Finally (as to the fourth and fifth factors), Illinois has no greater interest in this dispute than does California since the transaction at issue contemplates no on-going relationship with the Illinois Plaintiff. For these reasons, the exercise of personal jurisdiction over the Defendant in Illinois would be unreasonable.

Thus, Plaintiff's complaint must be dismissed for lack of personal jurisdiction. Defendant conducted all aspects of the relationship from California. He has no contacts with Illinois except being a defendant to a lawsuit there against his will. Case 13 CH 17457 Plaintiff subjected herself to jurisdiction outside of her state but Paul did not.

## III.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION OF THIS LAWSUIT

As a further argument, and if the court does not dismiss this matter based on a lack of personal jurisdiction, the matter should be dismissed for lack of subject matter jurisdiction. Subject matter jurisdiction of this lawsuit is based on diversity of citizenship. Although citizenship is diverse, this Court lacks subject matter jurisdiction over this lawsuit because plaintiff has failed to demonstrate that the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. See 28 U.S.C. § 1332. The amount in controversy is normally determined from the face of the pleadings. See *Pachinaer v. MGM Grand Hotel - Las Vegas. Inc.* 802 F.2d 362, 363 (9th Cir. 1986).

However, the mere allegation that "[t]he amount in controversy exceeds $75,000.00 exclusive of interest and costs" is insufficient by itself, to establish federal jurisdiction. See, *e.g.. Maloney v Gesco Intern. Inc.* 750 F. Supp. 959 (N.D. 111. 1990) (case remanded to state court when complaint conclusorily stated the amount in controversy and failed to allege facts indicating that the pecuniary result of the judgment to either party would exceed $75,000.00). Here, Plaintiff alleges no facts to support her conclusory allegation that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. The Complaint therefore fails to properly allege subject matter jurisdiction and must be dismissed.

Additionally, a court may dismiss a complaint for lack of subject matter jurisdiction where it appears to a legal certainty that the claim is really for less than the jurisdictional amount. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288,289 (1938).

Because a trial court must determine independently in every case whether federal jurisdiction exists (see *Insurance Corp, of Ireland. Ltd, v. Campaanie des Bauxites de Guinee*, 456

U.S. 694, 702 (1982)) the court is not bound by the pleadings and may inquire into the facts as they really exist. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 184 (1936). Plaintiff here alleges no specific facts in support of her claim that the amount in controversy exceeds $75,000,00 exclusive of interest and costs.

The recovery which plaintiff seeks from defendant -- the crux of the complaint is pure speculation ($100,000). Nothing in the complaint states a cause of action, or shows on its face any factual basis upon which damages in the amount of $75,000.00 could be reasonably predicated or awarded by a jury. Thus, because plaintiff's claim is not based on actual damages, this court lacks subject matter jurisdiction over this lawsuit and must dismiss this case. In addition, as has been stated, the complaints by defendant to the ARDC and attempts to recover his money are privileged.

Plaintiff's only possible argument for damages is the Yelp review. However, defendant's comments were truthful as the credit card company did refund his money. It is also protected opinion testimony. In addition, the court struck a lot of her work. Attached herein as Exhibit E are numerous negative reviews of plaintiff on both Yelp and Avvo.com. Therefore, it would be impossible, for plaintiff to allege or even prove that Paul's review could be the sole and executive source of any perceived damages. Plaintiff is engaging in pure speculation that has no basis in law or fact within the four corners of her complaint against defendant where she could recovery any damages in excess of $75,000.

## IV. CONCLUSION

Nothing contained in the First Amended Complaint supports either personal or subject matter jurisdiction. In addition, the allegations fail to state a claim upon which relief could be granted.

Defendant never left California in dealing with Plaintiff. Paul never even met Plaintiff. Plaintiff was the one who advertised nationwide and lured customers from all across America.

Jurisdiction, if anywhere, should be in California. Because Illinois lacks personal jurisdiction, this motion should be granted.

There is also a lack of subject matter jurisdiction as Plaintiff cannot prove she incurred the necessary $75,000 in damages to show subject matter jurisdiction.

Therefore, the court should grant the motion on the lack of personal and/or subject matter jurisdiction.

Beyond that, the complaint fails to state a cause of action on substantive legal grounds. The report to the state agencies and attempts to collect the fees are privileged and there is immunity under Illinois law. The Yelp review contained both opinion and truth. Case law has held the term "con artist" was opinion and not legally actionable.

Wherefore, Defendant respectfully requests this motion be granted in full, and any and all further relief that the court deems just and equitable.

Respectfully Submitted,

/s/ Paul Abramson /

Paul Abramson

*Defendant Pro Se*   8/30/18

UNITED STATE DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| Alisa Levin | Case. No. 1:18 -cv-01723 |
| Plaintiff | |
| vs | Hon. Matthew Kennelly |
| Paul Abramson | |
| Defendant | |

## **AFFIDAVIT OF PAUL ABRAMSON IN SUPPORT OF MOTION TO DISMISS**

Affiant, an adult over the age of eighteen years, does state and affirm that if called to testify in the above-captioned matter, he would do so voluntarily, honestly and from personal knowledge and in so doing upon penalty of perjury, he would state truthfully as follows:

1. I am the Defendant in the above-captioned matter. I was surprised to be named in this lawsuit. It is completely frivolous and baseless.
2. This matter involves Ms. Levin advertising her services as an experienced and competent attorney who is an expert in writing briefs.

3. I was named in a lawsuit in Illinois as a Defendant. Although I had counsel, she needed help with writing a motion and reply brief.

4. Based on Plaintiff's representations, I hired her for a limited writing assignment. When she did a terrible job and wrongfully charged my credit card, I felt it was appropriate to complain about her and to write a negative Yelp review.

5. Everything I said and wrote was truthful. It is Plaintiff's rebuttal that contains complete lies and untruths.

6. It is a tremendous burden for me to defend a lawsuit in Illinois. I have resided exclusively in the state of California since August of 1979.

7. On June 28th, 2018 I received by US first class mail a summons and complaint from the Plaintiff. (filed almost two and a half years after the Plaintiff alleges she was damaged) which is barred under the one year statue of limitations for defamation.

8. The specific history of the transaction is that on October 30th, 2015, I paid $4000 to attorney Alisa Levin by US mail from California to provide legal ghost writing services on a limited basis and to act in my best interest when drafting an amended motion for summary Judgment brief and final reply brief in case 13 CH 17457 where I was (am) the Defendant and to assist my attorney of record Margaret Lundahl.

9. I have never met Ms. Levin in person and responded to her advertisement to hire her for "expert" ghost writer legal services which she advertised on the worldwide web website known as "Criag's list".

10. I never signed a written agreement with the Plaintiff or engaged in any activities with her outside of the state of California.

11. The Check for $4000 I paid the Plaintiff was mailed from California. I wrote in the memo line of the check for the Plaintiff to "please stay within the retainer" which she endorsed when she negotiated the check. Attached as Exhibit A is a true and correct copy of the check.

12. I advised the Plaintiff many times that I was on a very limited budget and to use reasonable effort and care to stay within the $4000 retainer I paid her. She was not to go over the budget without my permission.

13. Plaintiff instead spent time, for which she billed me, contacting and communicating with me on off topic matters including but not limited to my daughter, criticism of my attorney of record and other irrelevant matters.

14. Plaintiff instructed me to have the affidavit she prepared for me notarized here in California and then sent back to her without offering any other method of execution. I later found out this was unnecessary under Illinois law.

15. Plaintiff never gave me an opportunity to review her invoice of December 1, 2015, before charging my credit card for the entire invoice of $9167 on the exact same date.

16. I never authorized the Plaintiff to charge my credit card any amount. This was completely improper and theft in my opinion.

17. My credit card company fraud department did an investigation. They concluded Plaintiff did indeed improperly charge my card. They found I was not responsible for the $9167 charged on my credit card.

18. It is Plaintiff who lied when she wrote a Yelp rebuttal saying the credit card company found in her favor.

19. Attached as Exhibit B is a true and correct copy of a letter I received from my credit card company in this matter. It confirms that they found in my favor and that Plaintiff did not properly charge my card.

20. Her attempt to charge my card therefore was improper and justifies my opinion of her.

21. Beside wrongfully charging my credit card, Plaintiff's work was not the top notch work she advertised. As an example, on March 18th, 2016, a hearing was held in the underlying case Abramson v Abramson 13 CH 17457 and both legal documents the Plaintiff had prepared for me and filed were in part stricken by the court (Judge Kathleen Pantle) for violating the Illinois Uniform Mediation Act. They apparently contained information about mediation that was not allowed to be mentioned.

22. During the month of December 2015, I submitted my fee dispute with the Plaintiff to the Chicago bar association voluntary mediation services program. The Plaintiff according to the CBA refused to participate.

23. During the month of December 2015 and under the protection of immunity of Illinois Supreme Court Rule 775 I did file a complaint against the Plaintiff with the Attorney registration and disciplinary commission.

According to ARDC attorney Michael Zhang, the ARDC did warn the Plaintiff with regard to her Criag's list activities. I never filed a complaint against the Plaintiff with the Better Business Bureau as she alleges as the BBB does not take consumer complaints against attorneys.

24. I did attempt to recover the money I paid the Plaintiff by check of $4,000 with a collection agency who were an interested third party.

25. I did anonymously write and post a Yelp review which was based on the truth, my opinion, and personal experience dealing with the Plaintiff.

26. The Plaintiff has never asked me to date to remove my Yelp review

27. I have been unable to date to find legal representation in the case at bar as most all of the attorneys I have contacted in Chicago Illinois the Plaintiff has conflicted out as apparently she has contacted many of them prior to me regarding this matter. Also her negative and false remarks about me (by name) in her yelp rebuttal post have prejudiced me from finding representation to date in Chicago Illinois in the case at bar. (ie falsely claiming I have sued every attorney that has ever represented me).

28. Attached as Exhibit C is a true and correct copy of the posted Yelp review I posted and Plaintiff's response. My comments about Plaintiff were based on the facts. Plaintiff did improperly charge my card and wrote things in her brief that were not proper with the court. It is her comments that were untrue. The credit card company found in my favor, not hers. This is clear from Exhibit B. She also was untruthful when she said I have sued every

attorney I have used. That is simply not true. Based on all this, it was my opinion that she was a con artist as I said in the review.

29. Exhibit D is a letter from an attorney who represented me in California. He points out I suffered from childhood abuse and was a good person. Clearly, I never sued him. Because of my past, I have a very strong sense of holding people accountable for their wrongful conduct.

30. My research has revealed that my statements were my opinions and they are also supported by the facts.

31. Attached as Exhibit E are other very negative of Plaintiff's work. They show she cannot prove damages against me as there were other negative reviews.

32. I have no minimal contacts in the state of Illinois including but not limited to maintaining no assets or interests in the state of Illinois.

33. I ask the court to grant my motion to dismiss as I do not believe I should be subject to jurisdiction in Illinois, because Plaintiff cannot show $75,000 in damages for diversity jurisdiction and beyond all that because the complaint fails to state a claim under Illinois law.

*Affiant further sayeth naught.*

**VERIFICATION BY CERTIFICATION**

Under penalties as provided by law pursuant to 1-109 of the Illinois Code of Civil

Procedure, the undersigned certifies that the statements set forth in this

instrument are true and correct, except as to matters therein stated to be on

information and belief and as to such matters the undersigned certifies as a

foresaid that he or she verily believes the same to be true.


PAUL ABRAMSON

/s/paulabramson/
_____
August  30th  2018

# EXHIBIT A

**397**
02-15/311

DATE 10 30 18

PAY TO THE
ORDER OF  *CEVLN  COW  LTD*                    $ *9000*

*lonethand*                                    DOLLARS

PLEASE SEE WITH PERNY

MEMO *ABRONIEW PETAUN*

110315 1555 PA3062 5559  XXXXXXXXXXXXXX3264 D

For Deposit Only

# EXHIBIT B

Chase Bank Card Services
P.O. Box 17280
Wilmington DE 19885-7280



February 3, 2016

IlI.I....II.I.I...II.III.....II.I.I.....III.I.I...I.I.II.....IIII

09347 AFL 001 004 03416 NNNNNNNNNNNN
PAUL ABRAMSON
676 CARUSO AVE
GLENDALE CA 91210-1519

RE: Your account ending in 5962

Dear PAUL ABRAMSON:

Thank you for your patience while we reviewed your claim of unauthorized use on your credit card. On December 4, 2015, we were notified of transactions billed to your account that were potentially unauthorized. Please keep in mind that additional transactions may have been included in our review if they posted on your credit card after the initial notification. The section(s) below reflect the outcome of our investigation. We have concluded the following:

You are not responsible for the following transaction(s). The previously issued credits are now considered permanent.

| Date of Transaction | $ Amount | Merchant Name or Transaction Description |
|---|---|---|
| 12/03/2015 | $9167.00 | IN *LEVIN LAW, LTD. |

If you had subsequently notified us of additional transactions that you have identified as unauthorized, we will be researching those transactions and will communicate the outcome of our investigation in a separate letter.

We appreciated the opportunity to review the above transaction(s) for you. Should you have any questions or wish to discuss this matter, please do not hesitate to contact us at 1-855-682-7046 extension 6514018, Mon-Fri 8AM - 11PM.

Sincerely,

Fraud Department

# EXHIBIT C

3/22/2017          Levin Law - 24 Reviews - General Litigation - 2138 W Chicago Ave, Ukrainian Village, Chicago, IL - Phone Number - Yelp

# Recommended Reviews for Levin Law

**Your trust is our top concern,** so businesses can't pay to alter or remove their reviews. Learn more.                                                                                     ✕

Search within the reviews                                    Yelp Sort                                    English (24)



**Van R.**
San Diego, CA
66 friends
14 reviews

Share review

Embed review

Compliment

Send message

Follow Van R.

Start your review of **Levin Law**.

3/22/2017 Craig's list legal predator  - not your legal advocate

Alissa Levin represents herself as a legal ghost writer expert on Craig's list.. That should have been my first red flag. She is nothing more than a con artist who prays on people in legal trouble like yours truly. She was supposed to draft and file my motion for summary judgement as well as final reply brief for a budget of $4000. Instead she blew through the budget then quit when I refused to pay her supplemental bill of $9167 which she illegally charged to my credit card that later was recovered by my credit card company due to a fraudulent transaction. Her pleadings were also stricken by the court which made them worthless and she was not even aware of how to draft an affidavit that does not require a notarized signature. The ARDC later advised me never to hire an attorney off Craig's list and now I know why as those prowling it like Ms. Levin are only looking to take advantage of those already victimized by the legal system. You have been warned

Was this review …?

Useful          Funny          Cool          **Comment from Alisa L. of Levin Law**
Business Owner

3/22/2017  This review is by an ex-client Paul Abramson who is still complaining about having to pay my firm in 2015 after suing every lawyer he has ever had. Mr. Abramson had been sued by his father (after years of litigation between the family) and when after doing an extensive amount of work he refused to pay me, Mr. Abramson's credit card was charged with Mr. Abramson's permission for services rendered as our retainer agreement authorized me in writing to do.  Mr. Abramson, in his vast displeasure at having to actually pay his attorney for working on his behalf has engaged in a campaign of falsehoods that have been addressed by the credit card company (deciding successfully for my business when it reviewed the vast evidence of against

Mr. Abramson and reinstating the charge on Mr.
Abramson's credit card), the court's and the Chicago
Bar Association and Attorney Registration and
Disciplinary Commission all in my firm's favor, all of whom
have reviewed and decided that Mr. Abramson's
defamatory statements and harassing allegations are
worthless. Read less

# EXHIBIT D



# DUNK LAW FIRM
### ATTORNEYS AT LAW

MEMBER
AMERICAN ASSOCIATION FOR JUSTICE
CONSUMER ATTORNEYS OF CALIFORNIA
CONSUMER ATTORNEYS OF SAN DIEGO
PEER VOTED "TOP ATTORNEYS" AND "SUPER LAWYERS"

Insurance Bad Faith • Personal Injury • Product Liability • Employment Litigation • Civil Litigation

April 19, 2016

Christopher Darden, Esq.
Darden & Associates
11500 Olympic Blvd Suite 400
Los Angeles, CA 90064

Re:    Paul Abramson

Dear Mr. Darden:

I have known Paul Abramson for over 20 years as well as successfully represented him as a client. I always found him to be a man of integrity as well as a good client.  He has provided me with copies of pleadings and records of a lawsuit he is defending which was filed against him by his biological father.

From my discussions with Paul and from what I have read in the pleadings, it appears that Paul's father abused Paul physically and sexually and falsely imprisoned him as a minor.  Again Paul was a good client who was always responsive and worked with us on case and I know it would be an honor to him if you would take his case.  Thank you for your time and consideration

Sincerely,

Dunk Law Firm

Andrew P.P. Dunk III

APPD/st

# EXHIBIT E

3/9/2018                                    Alisa Levin's Reviews - Avvo

No photo
provided

## Alisa Levin's reviews
★ ★ ⯪ ☆ ☆  3 total

Review Alisa Levin (/attorneys/alisa-levin-1137808/write_review.html)

♀ Contact (/attorneys/alisa-levin-
1137808.html#contact-

🔖
Saved
(https://www.avvo.com/myaccount/saved)
All

🏠
My Home
Filter reviews by:
(https://www.avvo.com/myaccount/newsfeed)

👤
Account
(https://www.avvo.com/myaccount/account)

**Horrible Service**
★☆☆☆☆
Posted by Kelsey June 26, 2017
⚑ Flag (/reviews/1458753/objectionable)
We had an absolute horrible experience working with Alisa. She is
extremely rude, unprofessional and lacks basic client service skills. We
should have fired her after her first call with our relator. She had the nerve
to ask our realtor if she could be shared agent on the sell side for our
condo because she "makes no money on these deals." She also refused to
communicate with our realtor...

More ⌄

This review is from a person who hired this attorney.
Hired attorney ❶

**bad services**
★☆☆☆☆
Posted by anonymous April 4, 2017
⚑ Flag (/reviews/1408131/objectionable)
bad services - do not hire, find somebody else.

This review is from a person who hired this attorney.
Hired attorney ❶

| | |
|---|---|
| **Thu** | 10:00 am - 5:00 pm |
| **Fri** | Closed |
| **Sat** | Closed |
| **Sun** | Closed |

✏ Edit business info

  **Colleen C.**
First to review

### From the business

- Real Estate Closings (sell or buy any kind of real estate) - Commercial Litigation / Civil and Business Litigation (Contract, Fraud, Partnership/Corporate Issues) - Collections - ...

Learn more about Levin Law

### You might also consider

### People also viewed

 **Aaron Krolik Law Office, PC**
⭐⭐⭐⭐⭐ 54 reviews
Real Estate Law,...
The Loop

 **Bradford Miller Law PC**
⭐⭐⭐⭐⭐ 57 reviews
Real Estate Law
The Loop

 **Spalding Law Center**
⭐⭐⭐⭐⭐ 11 reviews
Bankruptcy Law, Real...
Ukrainian Village

 **Michael H. Wasserman, P.C.**
⭐⭐⭐⭐⭐ 112 reviews
Real Estate Law
The Loop

 **Erwin Law**
⭐⭐⭐⭐⭐ 19 reviews
Real Estate Law,...
Lakeview

**Reda Ciprian Magnone**

---

**Kelsey M.**
Chicago, IL
121 friends
24 reviews
18 photos

6/26/2017

We had an absolute horrible experience working with Alisa. She is extremely rude, unprofessional and lacks basic client service skills. We should have fired her after her first call with our relator. She had the nerve to ask our realtor if she could be shared agent on the sell side for our condo because she "makes no money on these deals." She also refused to communicate with our realtor even after I asked her several times to keep her cc'd on emails. She acted like a know it all with my realtor and bossed her around telling her she wasn't allowed to talk to the lendor. "I am quite aware of my job responsibilities and if a mortgage broker or lender contact you you should simply state that they are free to contact counsel or the client directly. I am also a licensed real estate broker and therefore I'm also very familiar with the role of an agent and broker and a real estate transaction." (screenshots attached of emails)

During our 5 day attorney review, Alisa went on vacation. We had some issues come up during the inspection and I sent her an email asking if we could chat and she responded with "I am on vacation and literally have plans all evening." Well Alisa, if you knew you were going to be on vacation and not available, you should have never taken us on as clients. (screenshots attached of emails)

After the review, I asked her to send an updated contracted and she refused. She kept telling me to pull out a page, replace with the new one, scan in then send over to the lendors. If she had the updated contract in full, why make me go through extra steps to get to the lendor? Or why not she send to the lendor? Because she is lazy. (screenshots attached of emails)

The last straw for us before firing Alisa came when our closing date changed. She was going to be on vacation again and tried making us change the date to a day that worked for her. Again, who is the client here?

I would choose anyone over Alisa. She added so much stress to a situation where she should have been relieving it.

**Comment from Alisa L. of Levin Law**
Business Owner

6/26/2017 · My firm was pleased to be released from this client as we had a very tense working relationship due... Read more

---

**Carrie L.**
Oakland, CA
7 friends
5 reviews

Response time: **20 minutes**   Response rate: **100%**

I attempted to use Levin Law for a tenant law issue and after having putting her on retainer, sharing all the paperwork with her, and wasting my time and money going over my case with her, she gave me incorrect information and then declined to work with me due to her petty personality. She had to return all my paperwork, wasting even more precious time with my case when she knew every delay cost me more money. She had zero empathy for my situation. I was able to find another lawyer who was actually able to garnish wages for me, getting me more money back than Levin ever even suggested that I'd be able to get. I definately do not recommend working with her. Its pretty easy to find someone good if you need timely and thorough assistance with a landlord/tenant eviction. Update... she says she doesnt remember me in her response below. That's a good one. Well, she's is worse than I remember then because that is a lie. I still have the emails to prove myself.

 **Comment from Alisa L. of Levin Law**
Business Owner

3/14/2018 • The firm has absolutely no record of anyone named Carrie contacting it for landlord/tenant work, nor... Read more

Real Estate Law,...

 **Law First Chicago Law Firm**
★★★★★ 5 reviews
Personal Injury Law,...
The Loop

**Thayer C Torgerson Law Office**
★★★★★ 4 reviews
Bankruptcy Law, Tax...
Bucktown

 **Fenceroy Law Office**
★★★★½ 28 reviews
Real Estate Law,...
Lakeview

 **Law Offices of Jonathan M Aven**
★★★★★ 77 reviews
Real Estate Law
The Loop

### Other places nearby

Find more Business Law near Levin Law

Find more Real Estate Law near Levin Law

Find more Wills, Trusts, & Probates near Levin Law

### Browse nearby

🍴 Restaurants

🍸 Nightlife

🛍 Shopping

••• Show all

### Business Law in Chicago

💬 Get free quotes on Yelp now

### People found Levin Law by searching for...

Eviction Lawyer Chicago

Landlord Tenant Lawyer Chicago

Lawyers Chicago

Response time: **20 minutes** | Response rate: **100%**

CERTIFICATE OF SERVICE:

Case. No. 1:18 -cv-01723

i hereby affirm that all parties appearing in this proceeding were served by email at charmainelvivar@aol.com, and Judge Matthew Kennelly by first class mail, postage prepaid on this 3¼ of August 2018 at the following address.

Judge Matthew Kennelly

Everett McKinley Dirksen United States Courthouse

219 South Dearborn Street

Courtroom 2103, Chambers 2188

Chicago, IL 60604

Under penalties as provided by law pursuant to 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as a foresaid that he or she verily believes the same to be true.

_/s/paulabramson/__

Paul Abramson, Pro Se