**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

LEVIN, *et al.,*
      *Plaintiffs,*　　　　　　　　　　CASE NO. 18-CV-1723

      v.　　　　　　　　　　　　　Hon. Martha Pacold

ABRAMSON
      *Defendant.*

**JOINT INITIAL STATUS REPORT**

NOW COME the Plaintiffs Alisa Levin and Levin Law Ltd. ("Levin") and the Defendant, Paul Abramson ("Abramson") jointly, pursuant to the Honorable Martha Pacold Order for Initial Joint Status Report, the parties offer as follows: Please note Defendant Pro Se files his own status report herein as the one the Plaintiff's counsel prepared is grossly inaccurate and she has not allowed enough time to agree on any changes as Defendant just received Plaintiff's proposed report today which is due today. (November 7 2019)

**CASE 18-1723**

**1. Summary of Claims**

Plaintiffs have filed a two-count Complaint before the Court for Defamation *Per Se* and False Light Invasion of Privacy. The Defendant in response filed a 12 b motion to have these causes of action dismissed. On 12/27/2018 Judge Kennelly entered a detailed opinion stating that only the allegations as to the credit card charge was at issue and could not be dismissed via a 12 b motion (note opinion attached as an exhibit to Defendant's Cross Motion for Summary Judgement)

Both Plaintiff and Defendant have since moved for Summary Judgment, which were fully briefed before Judge Kennelly in May of this year. The basis of Plaintiff's two counts are internet publications (Yelp Review) made by Defendant which are admitted and uncontested. Further the terms of the attorney client fee agreement between the parties is a matter of law to be interpreted by the court so there are no factual disputes to decide in the case at bar.

Defendant has also filed an answer and counterclaim alleging legal malpractice, breach of fiduciary duty and defamation. Plaintiffs in response has filed a motion to dismiss Defendant's claims pursuant to 12(b)(1), and 12(b)(6). Defendant contention is the Illinois saving statute among other laws does not bar his claims for relief

**Prior Proceedings**

While Defendant's 12 B Motion to Dismiss was pending a ruling by the court, Plaintiff filed a bogus motion for sanctions and protective order in September 2018 in response to Defendant contacting Plaintiff's ex husband (pursuant to discovery). This forced the Defendant significant cost and expense of having to hire local counsel Joel Handler and Cary Rosenthal to represent him at a court ordered Evidence Hearing which the court required Defendant to appear in person in October 2018 and travelling across the country from California at significant cost and expense The end result of the hearing was that the court denied Plaintiff's motion because it believed the Plaintiff's ex husband who testified was not telling the truth. To date the court has not awarded Federal Rule 11 sanctions against the Plaintiff or her counsel for this malfeasance even though Plaintiff's counsel continues to threaten bringing more motions for sanctions every time Defendant reaches out to Plaintiff's counsel in good faith to settle Plaintiff's frivolous nuisance shake down lawsuit.

**Request for Preference**

Defendant is facing a statute of limitations issue with his Insurance carrier who denied him coverage to defend the case at bar. The statute it set to expire in approximately five months. Defendant can not proceed against his carrier until the Plaintiff's causes of action are adjudicated.
Defendant's Cross Motion for Summary Judgement if granted will be dispositive of all of Plaintiff's claims and therefore Defendant respectfully requests preference on this specific motion which has been pending with the prior Judge for approximately five months. Further adjudication in Defendant's favor on his Cross Motion for Summary Judgement will make Plaintiff's pending motion to strike Defendant's answer a moot issue.
Note - At a prior status hearing Judge Kennelly waived the courtesy copy requirement on Defendant regarding the pending motions briefs due to reasonable length of Defendant's briefs and distance from the court so none were ever delivered to the court to date.

**2. Statement of Relief**

Plaintiff seeks $100,000 compensatory damages and $1,000,000 punitive damages. *Per Se* damages are presumed and need not be pled or proven.

For the Counterclaim, Defendant seeks $100,000 compensatory damages and $1,000,000 punitive damages are presumed and need not be pled or proven.
Defendant also seeks damages also for breach of fiduciary duty and legal malpractice

**3. Status of Briefing**

All briefing Completed

**4. Discovery**

N/A

**5. Status of Settlement Negotiations**

6. At the request of the Defendant , In October 2018 Plaintiff made a settlement offer of $50,000 total and global settlement, including a confidentiality agreement, a mutual non-disparagement agreement, and removal of all internet mention of Plaintiffs by Defendant (as well as a covenant not to post anything or mention Plaintiffs' name in any way, shape or form to anyone ever again). Defendant has since offered under Federal Rule 68 the sum $1,500. That offer was declined by Plaintiff. When Defendant reached out again to attempt to settle the case Plaintiff has demanded $40,000 then later on $25,000 with the same terms and conditions.

7. Note - Plaintiff has never taken any action to mitigate her alleged damages as no demand prior or during this lawsuit to remove the online review(s) has ever been made on Defendant .

Respectfully submitted,

Paul Abramson, *Defendant Pro Se*

/s/paulabramson/

CERTIFICATE OF SERVICE


      I, Paul Abramson, Pro Se Defendant, hereby affirm that a copy of the foregoing First amended answer to be filed with the CM/ECF District Court filing system and that a copy of the same shall be transmitted to all counsel and parties of record as of the date of this filing.




By __/s/paulabramson/__


Paul Abramson, Pro Se