# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| *Alisa Levin and Levin Law, Ltd.,* | |
| Plaintiffs, | CASE NO. 18-CV-1723 |
| v. | Hon. Martha Pacold |
| *Paul Abramson*, | |
| Defendant | |

## PLAINTIFFS' STATUS REPORT

**NOW COME** the Plaintiffs Alisa Levin and Levin Law Ltd. ("Levin") pursuant to the Honorable Martha Pacold's Minute Entry for Initial Joint Status Report, the Defendant having separately filed, and therefore the Plaintiffs offer as follows:

1. **Introduction to Status Report**

On October 30, 2019, Plaintiffs' counsel Charmaine Vivar issued a written communication to Defendant, proceeding *Pro Se*, asking Mr. Abramson for a "proposed draft report." Ms. Vivar advised Mr. Abramson that she was traveling internationally, but that she would offer proposed revisions after her review of his draft, and prior to filing. In response Mr. Abramson responded by accusing counsel of threatening him and demanding that plaintiffs draft the report. It is wholly unclear what "threat" was perceived by Abramson, since the only threats between the parties come from Mr. Abramson and not the other way around. Plaintiffs never communicate directly with Mr. Abramson, and have at all times only ever communicated through Ms. Vivar.

On November 5, 2019, in light of Plaintiff's trial schedule and counsel's international travel, Ms. Vivar issued a proposed joint report that was tendered via email to Mr. Abramson. In response he refused to agree to it, declining to offer any particular objections, revisions, or otherwise state his complaint as to the facts contained within the report (all of which are of record or otherwise in writing). Instead, Mr. Abramson, and without any consultation or transmission of a proposed report to Plaintiffs or counsel, filed a "joint" status report with this Court. Plaintiffs did not have any advanced notice and did not otherwise see the report until its filing, and the filing made by Abramson is not "joint" and was never even sent to the Plaintiffs.

In response thereto, Plaintiffs herewith file their own report after Mr. Abramson's refusal to tender an initial draft, his refusal to consider the Plaintiffs' draft, and he refused to state his objections to the facts herein stated (despite their being substantiated by this Record).

**2.     Nature of the Case**

**Plaintiffs:** Alisa M. Levin (Illinois Resident) and Levin Law, Ltd. (Illinois entity)

**Plaintiffs' Case:** Diversity Jurisdiction under 28 USC §1332 (Illinois Plaintiffs / California Defendant)

   Count I: Defamation Per Se
   Count II: False Light Invasion of Privacy

**Plaintiff's Counsel:**

   Charmaine Vivar, Esq.
   155 Harbor Dr #4701, Chicago IL 60601

   Alisa Levin / Levin Law, Ltd.
   2210 W Chicago Ave, Chicago IL 60622

Defendant:  Paul Abramson, *Pro Se* (California Resident)

**Defendant: Prior Counsel:**

   Cary Rosenthal, Esq.
   55 W Wacker, Ste. 900, Chicago, IL 60601

   John Harold Redfield
   135 S LaSalle, Ste. 3705, Chicago IL 60603

**Defendant's Counterclaim:**

   Count I: Defamation Per Se

   Count II: Legal Malpractice

   Count III: Breach of Fiduciary Duty

## 3. Summary of Claims

In March 2018, Plaintiffs Alisa Levin and Levin Law Ltd. (a Chicago attorney and law firm) filed a two-count Complaint before the Court for Defamation *Per Se* and False Light Invasion of Privacy against the Defendant Paul Abramson (a former law firm client). Docs. 1, 6. After Abramson moved for dismissal, this Court denied the Motion. Doc. 42. After the filing of Defendant's Answer, the Plaintiffs have moved for Summary Judgment, which is has been fully briefed. Docs. 44, Doc. 50. The basis of the two counts are internet publications made by Defendant, which such publications are admitted and uncontested. Plaintiffs' motion for Summary Judgment is pending, fully briefed and ready for ruling.

In January 2019, the Defendant filed a counterclaim alleging legal malpractice, breach of fiduciary duty and defamation. Doc. 45. Plaintiffs have moved to dismiss all claims on the basis they are time-barred pursuant to 12(b)(1), and also under 12(b)(6) insofar as claims are not stated. Docs. 48, 49. All claims against an attorney must be filed within two years of the act or occurrence which gave rise to the litigation and Defendant did not so file within the two-year period outlined by Illinois statute. 735 ILCS 5/13-214.3(b). This 2-year statute of limitations governs both the malpractice and breach of fiduciary duty claims, insofar as any act or omission by an attorney in the professional service or practice of law is considered as falling under malpractice, and therefore would be governed by the two-year statute. As for the defamation count urged by Abramson, Plaintiffs claim that no claim can lie, insofar as any claim for defamation must be made within one-year of the publication and Defendant's claim falls outside the one-year requirement. 735 ILCS 5/13-201. Plaintiffs also moved to strike Affirmative Defenses asserted by Defendant, which such motion is also fully briefed.

Defendant filed a Cross-Motion for Summary Judgment, which is also fully briefed and ready for ruling.

Just prior to this Court receiving this case on its docket, neither the cross-Motions for Summary Judgment, nor the pending motions to dismiss and strike were ruled upon - as just before an anticipated ruling, this matter was reassigned from the calendar of Judge Matthew Kenelly, to this Court.

The parties seek dispositive rulings.

### 4. Statement of Relief

Plaintiff seeks $100,000 compensatory damages and $1,000,000 punitive damages. *Per Se* damages are presumed and need not be pled or proven.

For the Counterclaim, Defendant seeks $100,000 compensatory damages and $1,000,000 punitive damages.

### 5. Status of Briefing

All pending motions are fully briefed and ready for ruling and/or argument.

### 6. Discovery Referral

N/A

### 7. Prior Proceedings

After the Complaint was filed, Defendant moved to Dismiss pursuant to provisions of FRCP 12(b). That Motion was denied by this Court.

In October 2018, this Court heard Plaintiffs' Motion for Sanctions and Request for Protective Order - stemming from a phone call that Defendant made to Plaintiff's Ex-Husband, soliciting "help" and/or participation of some kind. Docs 26, 27. Plaintiff overheard the call, and immediately instructed a motion be filed before this Court and a report was made to the FBI based upon the threatening nature of the call.

In response to the Motion the Court took sworn testimony from the Plaintiff, Defendant and Plaintiff's Ex-Husband - the result of which was a clear directive from the Court that made plain the Court's willingness to enter sanctions for future behavior that was uncivil or harassing. Doc/ Transcript 35, 36, 41, 42. Plaintiff and her ex-husband testified that Defendant Abramson telephoned him, and such call was believed to be for the purpose of harming Plaintiff in some fashion, and that it was viewed as a credible threat based upon the very contentious nature of the parties' relationship. Doc 41.

That sentiment remains wholly unchanged in the mind of the Plaintiff to the present day. Defendant has denied any ill-intent, but in recent written communications with counsel, he continues to the present to make veiled threats of "liability" as well as suggestions that Plaintiff's law license (and that of her counsel) is or will be at risk. Abramson further has asserted in

writing that this lawsuit is a "shakedown" for which he suggests that some extra-judicial result will enter. *Id*. All such statements by the Defendant are in writing to Plaintiffs' counsel via email.

**8. Status of Settlement Negotiations**

Plaintiffs' case *ad damnum* calls for $100,000 in compensatory damages, as well as $1,000,000 in punitive damages. In February 2019, Plaintiffs made a settlement offer of $40,000 total and global settlement, including a confidentiality agreement, a mutual non-disparagement agreement, and removal of all internet mention of Plaintiffs by Defendant (as well as a covenant not to post anything or mention Plaintiffs' name in any way, shape or form to anyone ever again).

Defendant has never removed the defamatory postings that appear in multiple places on the Internet (Yelp and Google).

In response to the Plaintiffs' $40,000 offer to compromise, the Defendant offered $1,500. That offer was declined by Plaintiffs.

In September 2019 Plaintiff communicated a settlement offer of $25,000 after Defendant solicited the same in writing, and upon receipt of the response the Defendant rejected the same (instead making veiled threats and suggestions of retaliation toward Plaintiffs and their counsel, in writing and suggesting that despite his appearance before this Court *Pro Se,* Plaintiffs would be responsible for his costs and fees).

Settlement efforts appear futile, the parties' relationship is contentious, and the parties wish to proceed with the case toward judicial resolution.

    Respectfully submitted,

        Alisa Levin, *Plaintiff*
        /s/ *Alisa Levin*
        Counsel

        *Levin Law Ltd, Plaintiff*
        /s/ *Alisa Levin*
        Counsel

        /s/ *Charmaine Vivar*
        *Counsel*

Levin Law Ltd.
2210 W Chicago Avenue, Ste. 1W
Chicago IL 60622

Charmaine Vivar
155 Harbor Dr #4701
Chicago IL 60601